# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| PRESTON HOLLOW CAPITAL, LLC, and PHCC LLC § § § | |
| v. § | CIVIL ACTION NO. 3:23-CV-1332-S |
| § | |
| TRUIST BANK f/k/a BRANCH BANK AND TRUST § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs' Renewed Motion to Remand ("Motion") [ECF No. 20]. Having considered the Motion, including the Declaration of Eric W. Pinker ("Pinker Declaration"), Defendant Truist Bank's Response in Opposition to Plaintiffs' Renewed Motion to Remand ("Response") [ECF No. 26], Plaintiffs' Reply in Support of Remand [ECF No. 29], Sealed Declaration in Support of Plaintiffs' Motion to Remand ("Declaration") [ECF No. 34], Defendant Truist Bank's Supplemental Response in Opposition to Motion to Remand ("Supplemental Response") [ECF No. 35], Plaintiffs' Supplemental Reply in Support of Their Renewed Motion to Remand ("Supplemental Reply") [ECF No. 36], and the applicable law, the Court **GRANTS** the Motion.

## I. BACKGROUND

On May 9, 2023, Plaintiffs Preston Hollow Capital, LLC ("Preston Hollow Capital") and PHCC LLC filed suit against Defendant Truist Bank f/k/a Bank Branch and Trust in the 191st Judicial District Court of Dallas County, Texas, alleging breach of contract, breach of fiduciary duty, and breach of trust claims. Pl.'s Original Pet. [ECF No. 1-3] ¶¶ 57-89. On June 14, 2023, Defendant removed the action to federal court. *See* Def.'s Notice of Removal ("Notice") [ECF No. 1].

Defendant removed this matter on the basis of complete diversity of citizenship under 28 U.S.C. § 1332. According to Defendant, the parties on each side of the controversy are citizens of different states with the amount in controversy exceeding $75,000, and therefore the Court had subject matter jurisdiction. *Id.* at ¶¶ 10-25. Plaintiffs moved to remand the matter back to state court, asserting that complete diversity of citizenship did not exist because Defendant and Preston Hollow Capital are both citizens of North Carolina. Mot. 3.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. §1441(a). Federal courts are courts of limited jurisdiction, and thus must presume that a cause of action lies outside its limited jurisdiction. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The removing party bears the burden of establishing jurisdiction and compliance with the requirements of the removal statute. *Shearer v. Sw. Serv. Life. Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008) (citation omitted); *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.2001))). Because removal raises significant federalism concerns, the removal statute is strictly construed, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted); *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) ("The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must resolved in favor of remand." (citations omitted)). The two principal bases upon which a

2

district court has original jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship between the adverse parties, *see* 28 U.S.C § 1332.

When a lawsuit is removed on the basis of diversity jurisdiction, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000 and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *See Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted). "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citation omitted). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.* (citation omitted). The court has wide discretion to determine what evidence it considers when making its determination of jurisdiction. *See id.* (citation omitted).

### III. ANALYSIS

A corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "For limited liability companies, § 1332 citizenship is determined by the citizenship of 'all of its members,'" thereby requiring the party asserting diversity to "specifically allege the citizenship of every member of every LLC." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)). When members of a limited liability company are themselves entities or associations, citizenship must be traced through each layer of members until arriving at an entity that is not a limited liability company and identifying its citizenship status. *See Mullins*

3

*v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). And similarly, "[t]he citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey*, 542 F.3d at 1079 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).

As the party seeking the federal forum, Defendant bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Shearer*, 516 F.3d at 278 (citation omitted). If Defendant fails to meet this burden, the Court cannot presume the existence of federal jurisdiction. *See Settlement Funding, LLC*, 851 F.3d at 537 ("If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" (citation omitted)).

It is undisputed that Defendant is a citizen of North Carolina. *See* Mot. 3 (citing Notice ¶¶ 12-13); Resp. 1. The remaining issue is whether Preston Hollow Capital[1] is also a citizen of North Carolina. Preston Hollow Capital argues that it is. Mot. 3. Because it is a limited liability company, the Court begins with an analysis of the citizenship of the members of Preston Hollow Capital. *SXSW, L.L.C.*, 83 F.4th at 407-08 (citation omitted).

Courts may consider sworn declarations when analyzing jurisdiction. *See Coury*, 85 F.3d at 249 (citations omitted). Here, the Declaration was prepared by a person with personal knowledge about Preston Hollow Capital's business structure as a manager of a subsidiary company. *See generally* Decl. According to the Declaration, one of Preston Hollow Capital's members is a limited liability company ("Company A"). *Id.* ¶ 2. As a limited liability company, the citizenship of Company A, and in turn Preston Hollow Capital, is based on the citizenship of each member of Company A. *SXSW, L.L.C.*, 83 F.4th at 407-08 (citation omitted). The Declaration states that one of Company A's members is a limited partnership ("Company B"). Decl. ¶ 3.

---

[1] The Pinker Declaration asserts that "Preston Hollow Capital, LLC is structured in a manner that consists of multiple tiers of members, including an entity incorporated in the State of North Carolina." Mot. 6.

4

As a limited partnership, the citizenship of Company B—and as a result that of Preston Hollow Capital—is based on the citizenship of Company B's partners. *Harvey*, 542 F.3d at 1079. The Declaration further provides that Company B has two limited partners: a North Carolina limited liability company ("Company C") and a North Carolina corporation whose principal place of business is in North Carolina ("Company D"). Decl. ¶¶ 4-6. Tracing Preston Hollow Capital's citizenship through Company D, the Court finds that Preston Hollow Capital is a citizen of North Carolina for purposes of diversity. Thus, complete diversity of citizenship does not exist.

Defendant argues that its Notice is facially sufficient to establish the Court's jurisdiction and that the Declaration did not defeat diversity jurisdiction. Resp. 11-16; Suppl. Resp. 2. The Court finds these arguments unavailing. Even if Defendant's Notice is facially sufficient to establish the Court's subject matter jurisdiction, federal courts have an independent duty to determine whether they properly have subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]" (citations omitted)); *see also Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 273 F. App'x 368, 369 (5th Cir. 2008) ("A federal court may examine its subject matter jurisdiction at any time during a case." (citation omitted)). Here, with a factual attack on the Court's jurisdiction supported by evidence, the Court will not limit its jurisdictional analysis to Defendant's Notice. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In addressing the content of the Declaration, Defendant contends that identifying Company C as a North Carolina LLC "does not establish that the member is a North Carolina citizen, as such citizenship is determined by its members, which remain unidentified." Suppl.

5

Resp. 2. Because the Court finds that Preston Hollow Capital is a citizen of North Carolina based on Company D's citizenship, it need not consider Company C's citizenship at this time.

Defendant further argues that the Declaration is insufficient to show that Company D was a citizen of North Carolina on the date of removal. *Id.* In response, Plaintiffs ask the Court to take judicial notice of publicly available North Carolina Secretary of State records which show Company D was incorporated "under the laws of North Carolina in 2006 and has been actively conducting business since then." Suppl. Reply 3. "[A] court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b); *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 (5th Cir. 2019) ("[W]e have taken judicial notice of jurisdictional facts 'not subject to reasonable dispute' from certain sources such as public filings with state agencies." (citation omitted)). The Court concludes that the accuracy of the public records contained on the North Carolina Secretary of State's website cannot reasonably be questioned and takes judicial notice of the fact that Company D was incorporated in the state of North Carolina in 2006. Accordingly, the Court finds that Preston Hollow Capital was a North Carolina citizen on the date of removal. As the party invoking the Court's jurisdiction, Defendant continues to bear the burden of proving jurisdiction by a preponderance of the evidence. *See Shearer*, 516 F.3d at 278 (citation omitted). Defendant fails to meet that burden.

Alternatively, Defendant seeks jurisdictional discovery. Suppl. Resp. 3. When a party requests jurisdiction discovery, they "bear the burden of demonstrating the necessity of discovery." *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013) (citing *Freeman v. United States*, 556 F.3d 326, 341-42 (5th Cir. 2009)). As is the case here, the party requesting discovery is "'not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to

6

produce the facts needed to withstand a Rule 12(b)(1) motion.'" *Id.* (quoting *Freeman*, 556 F.3d at 342). Accordingly, Defendant's request for limited jurisdictional discovery in the alternative is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Renewed Motion to Remand [ECF No. 20]. This case is **REMANDED** to the 191st Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

SIGNED March 20, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**